UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LOLA T. COLLINS WELCH, | CASE NO. 3:21-CV-01615-JRK |
| Plaintiff, | JUDGE JAMES R. KNEPP, II |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| COMMISSIONER OF SOCIAL SECURITY, | REPORT AND RECOMMENDATION |
| Defendant. | |

### INTRODUCTION

On August 19, 2021, Ms. Lola T. Colins Welch, acting *pro se*, filed a Complaint for judicial review related to four Notices of Overpayment she received from the Social Security Administration (SSA). (ECF #1, PageID 1-4; ECF #6, PageID 36-37). On September 16, 2021, pursuant to Local Civil Rule 72.2, this matter was referred to me for issuance of a Report and Recommendation. (Non-document entry of September 16, 2021).

On November 16, 2021, the Commissioner filed a motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure 12(b)(1). (ECF #6). The Commissioner asserts Ms. Collins Welch did not exhaust her administrative remedies as required before seeking review in the district court. (*Id.* at PageID 36). Ms. Collins Welch did not respond to the motion to dismiss, though she was directed to do so by order issued on December 7, 2021. (ECF #7).

1

More than eight months now having passed since then, this matter is ripe for determination. For the reasons that follow, I recommend that this matter be **DISMISSED**.

## STANDARD OF REVIEW

Absent subject matter jurisdiction, a federal court has no authority to hear a case. *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack under Federal Rule of Civil Procedure 12(b)(1)—which the Commissioner makes here—challenges not merely the sufficiency of the complaint's allegations, but the factual existence of subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When presented with a factual attack under Rule 12(b)(1), no presumptive truthfulness applies to the factual allegations as it would under a facial attack. *Ohio Nat'l Life*, 922 F.2d at 325. The plaintiff bears the burden of proving jurisdiction to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## DISCUSSION

Judicial review of social security claims is governed by 42 U.S.C. §§ 405(g) and 405(h). Under § 405(g):

> [A]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commended within sixty days after the mailing to him of notice of such decisions or within such further time as the Commissioner may allow.

Under § 405(h):

> The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of

2

the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

The Commissioner's decision may only be reviewed by a court as provided under the Social Security Act; before a federal court may do so, "administrative exhaustion will be required." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). No other jurisdictional basis exists by which a federal court may review the Commissioner's decision. Accordingly, federal jurisdiction to review the Commissioner's decision exists only when: (1) the Commissioner has issued a final decision, and (2) the plaintiff has exhausted her administrative remedies. *See Matthews v. Eldridge*, 424 U.S. 319 (1976). The Commissioner has the power to determine when finality has occurred, *id.* at 330, and therefore, may specify such requirements for exhaustion as he or she deems necessary. *Weinberger*, 422 U.S. at 766.

The regulations contained in 20 C.F.R. §§ 404.900(a)(1)-(4) describe the process of administrative review. First, a claimant is entitled to an initial determination of disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503. Second, if dissatisfied, the claimant may request a de novo reconsideration of that determination. 20 C.F.R. §§ 404.907-404.921. Third, if still dissatisfied, the claimant is entitled to an evidentiary hearing and a de novo review before an Administrative Law Judge. 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.929-404.961. Fourth, within 60 days of receiving notice of an unfavorable decision by an ALJ after a hearing, the claimant may appeal to the Appeals Council. 20 C.F.R. §§ 404.967-404.983. Once a claimant has completed all required steps in the administrative review process, the Commissioner has made a final decision and the claimant may then seek judicial review in federal district court. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(5); *Heckler v. Day*, 467 U.S. 104, 106-07 (1984). For purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision.

Here, SSA sent Ms. Collins Welch four separate Notices of Overpayment on August 17, 2018, and on February 21, August 25, and September 17, 2020. (Affidavit of Rosanna Mapp, ECF #6-1, PageID 46-48). On October 20, 2018, SSA reconsidered its initial determination of overpayment related to the August 2018 Notice and concluded SSA remained entitled to recoup overpaid benefits. (*Id.* at PageID 59). On December 20, 2018, with regard to the August 2018 Notice, Ms. Collins Welch requested a hearing before an ALJ. (*Id.* at PageID 63). Ms. Collins Welch testified at the hearing before ALJ Mary D. Morrow, who issued an unfavorable decision that Ms. Collins Welch remains liable for the overpayment. (*Id.* at PageID 67-71). Ms. Collins Welch did not appeal the matter to the Appeals Council. (*See id.* at 47). As to the three Notices of Overpayment from 2020, Ms. Collins Welch did not request reconsideration of any of those determinations as required by the pertinent SSA regulations. (*See id.* at 47-48). Eschewing the entirety of the administrative appeals process before the SSA, she filed a complaint for judicial review of the Commissioner's decisions in this Court.

Thus, Ms. Collins Welch has failed to exhaust her administrative remedies, and therefore, has not received a final decision from the Commissioner as to any of the Notices of Overpayment issued to her. Absent a final decision from the Commissioner, this Court lacks subject matter jurisdiction and Ms. Collins Welch's complaint should be dismissed under Rule 12(b)(1). *See Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984) (dismissal appropriate because of failure to exhaust administrative remedies); *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991).

In "certain special cases," the Supreme Court has held that courts may excuse a claimant from exhausting her administrative remedies, such as where a claimant asserts a claim that is "wholly collateral" to the claim for benefits and makes a colorable showing that her injury could

4

not be remedied by retroactive payment of benefits after exhaustion of administrative remedies. *Heckler*, 466 U.S. at 618 (citing *Mathews*, 424 U.S. at 330-32). Regardless of whether Ms. Collins Welch's claim is "wholly collateral," she has not set forth a colorable showing that her injury could not be remedied by retroactive payment of benefits after exhaustion of administrative remedies.

For all of these reasons, I conclude that Ms. Collins Welch has not presented a "final decision" of the Commissioner for review by this Court because she failed to exhaust her administrative remedies with SSA before filing her Complaint. Thus, Ms. Collins Welch has failed to establish subject matter jurisdiction, without which this Court has no power to review her claim. I recommend the District Court dismiss Ms. Collins Welch's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, I conclude this Court lacks subject matter jurisdiction to review Ms. Collins Welch's claim. Accordingly, I recommend that this matter be **DISMISSED** without prejudice.

Dated: August 22, 2022

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS, REVIEW, AND APPEAL

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge.** *See* **Fed. R. Civ. P. 72(b)(2);** *see also* **28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.**

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).